UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY PAUL BUTLER,

        Petitioner,

v.

                                              Case No. 8:06-cv-1102-T-17EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

        Respondent.

_____/

**ORDER**

Before this Court is a pro se petition for writ of habeas corpus filed by a Florida prisoner challenging his sentences on burglary and theft convictions arising out of the Sixth Judicial Circuit, Pinellas County, Florida, in case no. CRC03-02084CFANO. (doc. 1 at 1)

BACKGROUND

On January 13, 2004, Butler pled guilty to burglary and grand theft as charged in case no. CRC03-02084CFANO. Butler was sentenced as a violent career criminal to 30 years prison on the burglary. He was sentenced as a habitual felony offender to 10 years prison on the grand theft. The sentences ran concurrently. Butler did not appeal his plea-based judgment of conviction and sentence.

Over a year later, Butler filed a pro se motion for postconviction relief dated July 27, 2005. By order rendered October 31, 2005, the postconviction court summarily denied the rule 3.850 motion. Butler appealed the summary denial. On April 12, 2006, the state district court of appeal per curiam affirmed in case no. 2D05-5840. Butler v. State, 928 So. 2d 1226 (Fla. 2d DCA 2006)[table]. Following denial of rehearing, the mandate issued May 22, 2006.

In the order to respond to the Petition, this court ordered Respondent to address, 1) whether Clines v. State, 912 So. 2d 550 (Fla. 2005), is retroactive and applicable to petitioner's claims; and 2) whether the federal petition is time-barred based on the date Petitioner filed his rule 3.850 motion. This Court notes that the petition is not dated; therefore, the Court determines that the Petition was filed on June 13, 2006, the date the Petition was entered on this Court's docket.

## Petition Is Time-Barred

On June 13, 2006, Butler filed a pro se undated 28 U.S.C. § 2254 petition, which is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA imposes a one-year limitations period on all habeas corpus petitions, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The AEDPA time-clock is stopped during the time a "properly filed" application for state post-conviction or other collateral review is "pending" in state court. See 28 U.S.C. § 2244(d)(2); Wade v. Battle, 379 F.3d 1254, 1259 (llth Cir. 2004). To be "properly filed,"

however, an application must meet the filing deadlines and time limitations on delivery. See Artuz v. Bennett, 531 U.S. 4, 8 (2000).

In most cases, as in Butler's, the AEDPA's limitations period begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002). Butler's AEDPA limitations period began running on February 13, 2004, that is, the day after expiration of the time Butler had to seek direct review of the sentencing judgment. See e.g., McGee v. State, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for filing appeal expired).

Thereafter, Butler did not have a "properly filed" collateral attack "pending" in the state courts a sufficient amount of time to render the federal petition timely. By the time he filed his first rule 3.850 dated July 27, 2005, the AEDPA limitations period had expired. Because even "properly filed" state-court petitions must be 'pending' in order to toll the limitations period, a state court petition like Butler's rule 3.850 motion following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 motion outside limitations period); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.)(rejecting argument that AEDPA limitations period tolled for time period prisoner had availed himself of new rule setting two-year limit for ineffective assistance of appellate counsel claims), cert. denied, 531 U.S. 991 (2000).

Thus, even using the date Butler constructively filed his rule 3.850 motion in the postconviction court, Butler cannot obtain a timely outcome. Butler's federal petition is subject to dismissal for untimeliness.

In an apparent endeavor to avoid a time-bar result, Butler points to the September 29, 2005, revised decision in <u>Clines v. State</u>, 912 So. 2d 550 (Fla. 2005). Therein, the Florida Supreme Court addressed a claim that only one classification within the state's habitual offender statute may be applied to a single sentence. Applying the state's rule of lenity, the state's supreme court concluded that "section 775.084 is ambiguous about whether multiple recidivist categories may be applied to a single criminal sentence." <u>Clines</u>, 912 So. 2d 550 at 557. The state's supreme court further held "that the recidivist categories are designed to be hierarchical, not complementary . . . and only one recidivist category in section 775.084 may be applied to any criminal sentence." <u>Clines</u>, 912 So. 2d at 559.

<u>Clines</u> does not impact Butler's case. This is because only one category called for by the state's habitual offender statute was applied to his sentence for grand theft. His violent career designation was imposed on the burglary sentence. In other words, there was only one category of the statute applied to a single sentence in his case. This Court need not reach this, however, in the AEDPA timeliness inquiry. Butler's reliance on <u>Clines</u> in support of any or all of his grounds will not assist him to delay his AEDPA start date because the rule announced in <u>Clines</u> is a state, not constitutional rule, and such is not retroactive to a final case such as his.

In the event the Supreme Court newly recognizes a constitutional right and makes it retroactively applicable to cases on collateral review, the AEDPA's limitation provision

permits filing a petition asserting such a right for a year after the initial recognition of the right. See 28 U.S.C. § 2244(d)(1)(C); Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (§ 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." . . . The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate); Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1216 (11th Cir. 2000). Sub judice, Butler's AEDPA start date is not measured by § 2244(d)(1)(C) because Clines is not a benchmark on which a constitutional right asserted was initially recognized by the Supreme Court. Moreover, Clines did not pronounce a new rule held to be retroactive by the Supreme Court.

Even if § 2244(d)(1)(C) is read to allow for retroactivity determination by an inferior federal court or a state court, Butler can gain no resetting of his AEDPA's start date via any quest for this Court to find the rule in Clines retroactive. Cf., Breese v. Maloney, 322 F. Supp. 2d 109, 114 (D. Mass. 2004)(taking view that while § 2244(b)(2)(A) requires the Supreme Court itself to make a decision retroactively applicable for second or successive petitions, it imposes no such requirement for initial petitions, citing for comparison 28 U.S.C. § 2244(d)(1)(C) with § 2244(b)(2)(A)). The rule applied in Clines is not retroactively applicable upon collateral review to a final judgment.

Under the framework established by the Supreme Court in Teague v. Lane, 489 U.S. 288 (1989), a specific rule may be applied retroactivity following a three-step process. First,

the court must determine when the defendant's conviction became final. Second, it must ascertain the legal landscape as it then existed, and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule. That is, the court must decide whether the rule is actually 'new.' Finally, if the rule is new, the court must consider whether it falls within either of the two exceptions to nonretroactivity. Beard v. Banks, 542 U.S. 406 (2004) (citations and quotations omitted). Thus, a new rule will be applied retroactively only if 1) it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" Teague, 489 U.S. at 311; or 2) it is "a watershed rule[] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Beard, 124 S. Ct. at 2513.

The non-retroactivity doctrine of Teague precludes retroactive application of Clines, as such was not a 'watershed' procedural or substantive change in the law which applies retroactively to all cases. Clines announced a state procedural rule, not a "newly recognized" constitutional right. Moreover, the statutory construction employed in Clines does not fall within the category of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. Thus, the Clines decision cannot trigger a new AEDPA start date for Butler under § 2244(d)(1)(C).

The fourth "exception" to the one-year statute of limitations, which runs from the date on which the factual predicate of the presented claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). In Butler's case, the factual predicate -- application of the state's violent career criminal and habitual offender statutes -- was immediately apparent upon Butler's sentencing. Moreover, this provision is limited to

factual, not legal, discoveries. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)(the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's factual predicate, not recognition of the fact's legal significance.)

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. See Pace v. Diguglielmo, 125 S. Ct. at 1815 (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case); cf., Pliler v. Ford, 542 U.S. 225 (2004). The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition. Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001).

Butler does not allege a sufficient basis for consideration of equity. Additionally, Butler did not exercise due diligence in pursuing his grounds in state court and bringing such to this Court. Butler is not a case where extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition. The underpinnings for a Clines-based claim were available to him before issuance of the Clines result, and he did not diligently urge such at sentencing and on direct appeal, or alternatively in a rule 3.850 motion within the AEDPA limitations period. Furthermore, in addition to his delay before filing his rule 3.850 motion, Butler unreasonably tarried after issuance of the mandate in his collateral appeal before bringing his federal attack to this Court. He does not present a

sufficient basis upon which to conclude he used due diligence in pursuing his grounds and seeking habeas corpus relief in a timely manner.

Butler was given an opportunity to show cause why the petition should not be dismissed as time-barred. See Day v. McDonough, 164 L. Ed. 2d 376, 388 (2006)(observing the magistrate judge [before sua sponte raising the 2244(d) time-bar] gave Day due notice and a fair opportunity to show why the limitation period should not yield dismissal of the petition). He did not do so.  Therefore, the Court finds that the petition is time-barred and that Butler has not demonstrated extraordinary circumstances that would entitle him to equitable tolling.

Accordingly, the Court orders:

That Butler's petition is dismissed, with prejudice.  The Clerk is directed to enter judgment against Butler and to close this case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v.

- 9 -

<u>Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 17, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Anthony Paul Butler